IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02886-BNB

BRANDON CHE LEE,

   Petitioner,

v.

COZZA-RHODES, and Does 1-200 inclusive,

   Defendant/Respondent.

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

Brandon Che Lee is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution (FCI) in Florence, Colorado. He initiated this action by submitting *pro se* a document titled "Criminal Complaint," in which he asserts that he has been "kidnapped" by prison officials at FCI-Florence.

Mr. Lee is advised that he lacks standing to pursue a criminal action against federal prison authorities. **See Linda R.S. v. Richard D.,** 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). **See also Keyter v. 535 Members of 110th Congress**, 277 F. App'x. 825, 827 (10th Cir. 2008); **Cok v. Cosentino**, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); **Connecticut Action Now, Inc. v. Roberts Plating Co.**, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); **Winslow v. Romer**, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute

federal criminal proceedings.").

Alternatively, the "Criminal Complaint" can be construed liberally to assert a challenge to the lawfulness of Mr. Lee's federal criminal conviction, the execution of his federal sentence, or the conditions of his confinement at FCI-Florence. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, **see Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and [28 U.S.C.] § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." **See McIntosh v. United States Parole Comm'n**, 115 F.3d 809, 811 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. **See Standifer v. Ledezma**, 653 F.3d 1276, 1280 (10th Cir. 2011).

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted document is deficient as described in this order. Mr. Lee will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Lee files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)   X   is not submitted
(2)   __   is missing affidavit
(3)   X   is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (<u>necessary if filing a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens*</u>)
(4)   X   is missing certificate showing current balance in prison account

      <u>(necessary if filing a § 2241 application)</u>

(5) __ is missing required financial information
(6) __ is missing an original signature by the prisoner

(7) __ is not on proper form (must use the court's current form):
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other: <u>If Mr. Lee files a habeas corpus application, he may pay the $5.00 filing fee, instead of submitting a § 1915 Motion and Affidavit; if Mr. Lee files a civil rights Prisoner Complaint under *Bivens*, he may pay the $350.00 filing fee plus a $50.00 administrative fee (for a total fee of $400.00), in lieu of filing a § 1915 Motion and Affidavit.  Mr. Lee must pay the appropriate filing fee or submit a § 1915 Motion and Affidavit on the court-approved form</u>.

**Complaint, Petition or Application**:

(10) _X_ is not submitted
(11) __ is not on proper form (must use the court's current form)
(12) __ is missing an original signature by the prisoner
(13) __ is missing page nos. __
(14) __ uses et al. instead of listing all parties in caption
(15) __ names in caption do not match names in text
(16) __ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) __ other:

  **If Mr. Lee is challenging the validity of his federal criminal conviction, then he must file a Motion pursuant to 28 U.S.C. § 2255 in the federal district court where he was convicted and sentenced**, which appears to be the Central District of California.  Accordingly, it is

  ORDERED that Mr. Lee cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers which Mr. Lee files in response to this order must include the civil action number on this order.  It is

  FURTHER ORDERED that Mr. Lee, with the assistance of his case manager or the facility's legal assistant, shall obtain the Court-approved forms for filing:

(1) an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action; or

(2) a Prisoner Complaint form and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915,

along with the applicable instructions, at www.cod.uscourts.gov.

Alternatively, to the extent Mr. Lee is attacking the validity of his criminal conviction and sentence, he must file a Motion under 28 U.S.C. § 2255 in the federal district court where he was convicted and sentenced. It is

FURTHER ORDERED that, if Mr. Lee fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, this action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED: October 23, 2013, at Denver, Colorado.

BY THE COURT:


 s/ Boyd N. Boland
United States Magistrate Judge