IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02886-BNB

BRANDON CHE LEE,

    Petitioner,

v.

COZZA-RHODES, and Does 1-200 inclusive,

    Defendants/Respondents.

## ORDER OF DISMISSAL

    Petitioner, Brandon Che Lee, is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution (FCI) in Florence, Colorado. He initiated this action on October 22, 2013, by submitting *pro se* a document titled "Criminal Complaint" in which he asserts that he has been "kidnapped" by prison officials at FCI-Florence.

    On October 23, 2013, Magistrate Judge Boyd N. Boland directed Mr. Lee to cure certain deficiencies in this action. First, Magistrate Judge Boland reminded Mr. Lee that he lacks standing to pursue a criminal action against federal prison authorities. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). *See also Keyter v. 535 Members of 110th Congress*, 277 F. App'x. 825, 827 (10th Cir. 2008); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by

private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Magistrate Judge Boland further advised Mr. Lee that, alternatively, the "Criminal Complaint" can be construed liberally to assert a challenge to the lawfulness of Mr. Lee's federal criminal conviction, the execution of his federal sentence, or the conditions of his confinement at FCI-Florence. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and [28 U.S.C.] § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. and 28 U.S.C. § 1331. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Magistrate Judge Boland therefore directed Mr. Lee in the October 23 Order to submit the proper forms for filing a habeas corpus action pursuant to 28 U.S.C. § 2241 or a civil rights action, including the forms for proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magistrate Judge Boland instructed Mr. Lee to obtain the court-approved forms, along with the applicable instructions, on this Court's website (with the assistance of his case manager or the facility's legal assistant), at www.cod.uscourts.gov. Finally, Magistrate Judge Boland informed Mr. Lee that if he was challenging the validity of his federal criminal conviction, he must file a Motion

pursuant to 28 U.S.C. § 2255 in the federal district court where he was convicted and sentenced. Magistrate Judge Boland warned Mr. Lee in the October 23 Order that failure to cure the designated deficiencies by the court-ordered deadline would result in dismissal of the action without further notice.

Mr. Lee has failed to submit any documents in compliance with the October 23 Order and has not paid any portion of the applicable filing fee. Furthermore, Mr. Lee has not communicated with the Court since he initiated this action on October 22, 2013. The action therefore will be dismissed without prejudice. Accordingly, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Petitioner, Brandon Che Lee, to comply with the October 23, 2013 Order Directing Petitioner to Cure Deficiencies and for failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lee files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  4th  day of    December   , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court